UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKHIR RUSTAMOVICH SABIROV,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, ET AL.,<br><br>Respondents. | Case No.  26-cv-03213<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Takhir Rustamovich Sabirov filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting immediate release.  (Dkt. No. 1 ("Petition").)  Petitioner's fourth claim is that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. (*Id.*)  As Petitioner has been detained for longer than presumptively reasonable and he provided an unrebutted good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, his detention is unlawful.  Since Petitioner prevails on this claim, his remaining claims are not addressed.  Respondents shall immediately release Petitioner.

## I.     BACKGROUND

Petitioner was born in the Soviet Union.  (Petition ¶ 17.)  After its dissolution, he became a citizen of Uzbekistan.  (*Id.*)  He first entered the United States in 1997 on a student visa.  (*Id.*) In 2000, Petitioner returned to Uzbekistan and spoke negatively about its unstable political and economic situation.  (*Id.* ¶ 19.)  He was accused of criticizing the government of Uzbekistan and charged with criminal mischief.  (*Id.*)  After being released, he quickly returned to the United States in August 2000 and has remained here ever since.  (*Id.*)  He attempted to renew his Uzbek passport in 2004, but his application was denied and authorities indicated he was no longer

considered a citizen. (*Id.* ¶ 21.)  Accordingly, Petitioner believes he is stateless. (*Id.* ¶ 1.)

Petitioner is subject to a final order of removal issued in August 2009. (*Id.* ¶ 23.)  The Board of Immigration Appeals ("BIA") dismissed his appeal of that order in July 2010. (*Id.* ¶ 24.)  He was detained pending removal starting on May 15, 2011. (*Id.* ¶ 25.)  But Uzbekistan did not issue a travel document. (*Id.*)  So Petitioner filed a petition for a writ of habeas corpus challenging his prolonged detention. (*Id.* ¶ 29.)  He was released from detention on approximately January 24, 2012, and placed on an Order of Supervision. (*Id.* ¶ 30.)

Respondents obtained an Uzbekistani "Travel Document of Stateless Person" for Petitioner valid from May 11, 2026, to August 11, 2026. (*Id.* ¶¶ 47, 50.)  On May 12, Immigration and Customs Enforcement ("ICE") directed him to appear on May 14. (*Id.* ¶ 42.)  When Petitioner appeared, ICE detained him. (*Id.* ¶¶ 45–46.)  He has remained in custody since May 14. (*Id.*)

On May 21, Petitioner filed an emergency motion to reopen and request for stay with the BIA, citing "the new fact of his proven statelessness and ability to be removed, and other extraordinary circumstances." (*Id.* ¶ 49.)  On June 3, Respondents stated, "Petitioner has filed a motion to reopen and a motion for stay with the Board of Immigration Appeals (BIA).  As a result of the stay, U.S. Immigration and Customs Enforcement (ICE) has stopped all removal efforts." (Dkt. No. 9.)  In supplemental briefing, Respondents indicated:

> DHS Counsel informed Counsel for Respondents that Petitioner had filed a Motion to Reopen (Motion) with the Board of Immigration Appeals (BIA).  DHS Counsel informed Counsel for Respondent's that this Motion included an automatic stay of removal.  However, contrary to the initial assessment, DHS Counsel confirmed that this Motion with the BIA does not come with an automatic stay (auto-stay).  Therefore, the Petitioner does not have an active stay granted by the BIA.  The Motion remains pending.

(Dkt. No. 15.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is

to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States.  *Zadvydas*, 533 U.S. at 687.  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

### III.    ANALYSIS

When a non-citizen is ordered removed, the government is generally required to detain them for ninety days pending efforts to secure their removal.  *See* 28 U.S.C. § 1231(a)(2)(A).  This ninety-day period is referred to as the "removal period."  *Id.* § 1231(a)(1)(A).  After the removal period ends, § 1231's plain language neither requires nor explicitly places a limit on any further detention.  *Id.* § 1231(a)(6) (individuals "*may* be detained beyond the removal period") (emphasis added).  However, the Supreme Court has found that § 1231 "limits a[] [non-citizen]'s post-removal-period detention to a period reasonably necessary to bring about [their] removal from the United States" and "does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.

To reach this determination, the Supreme Court found that § 1231 was ambiguous, and read in a reasonable time limit after analyzing the statute's legislative history and finding no evidence "clearly demonstrat[ing] a congressional intent to authorize indefinite, perhaps permanent, detention."  *Id.* at 699.  "[I]nterpreting the statute to avoid a serious constitutional threat," the Supreme Court "conclude[d] that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.*  It further held that a six-month period of post-removal detention constitutes a "presumptively reasonable period of detention."  *Id.* at 701.  After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*  If a petitioner satisfies their initial burden, the burden then shifts to the government to rebut that showing.  *Id.*

As an initial matter, Petitioner has been detained for longer than presumptively reasonable.  Courts routinely aggregate periods of detention for purposes of *Zadvydas*.  *Phan v.*

3

*Warden of Otay Mesa Det. Facility*, 813 F. Supp. 3d 1179, 1184–85 (S.D. Cal. 2025). Respondents do not contest aggregation in this case.  When aggregating Petitioner's two stretches of detention, he has been in custody for over nine months.  (*See* Petition ¶¶ 25, 30, 45–46.)  That is longer than the presumptively reasonable six months.  *See Zadvydas*, 533 U.S. at 701.

Petitioner has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.  Respondents stated that because of Petitioner's motion to reopen and motion to stay, ICE "has stopped all removal efforts."  (Dkt. No. 9.)  Petitioner indicates that "the estimated timeline for resolution of a motion to reopen before the BIA is between three to 18 months."  (Dkt. No. 16 at 3.)[1]  Even assuming Petitioner's motion will be resolved in three months, the fastest estimate, Petitioner's travel document would already be expired since it is only valid for another two months.  (*See* Petition ¶ 47.)  And given Petitioner's apparent statelessness and Respondents' prior difficulties obtaining a travel document for Petitioner, there is good reason to believe obtaining another travel document will be difficult and involve a lengthy process.  (*See* Petition ¶¶ 21, 25; *Castro-Napoles v. Noem*, No. 26-CV-03212-RFL, 2026 WL 1720963, at *2 (S.D. Cal. June 15, 2026).)

Respondents have not rebutted Petitioner's showing.  While an active travel document would ordinarily be sufficient, Respondents have stated they "stopped all removal efforts."  (Dkt. No. 9.)  And though Respondents now believe "Petitioner does not have an active stay granted by the BIA," they notably do not say that ICE resumed removal efforts.  (*See* Dkt. No. 15.)  Nor are they "[]able to provide a time frame as to how long the BIA will take to adjudicate the pending Motion."  (*Id.*)  They also do not provide any information about how long it might take to obtain a new travel document under the circumstances.  Due to this lack of evidence, Respondents have failed to rebut the showing made by Petitioner.  *See Castro-Napoles*, 2026 WL 1720963, at *3.  Accordingly, the Petition is granted because Petitioner's detention is no

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

longer authorized by § 1231(a)(6).

## IV.    REMEDY

When a district court grants a writ of habeas corpus it may "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  Release from detention is the "typical remedy" for "unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  The typical remedy is appropriate here to address the statutory violation identified above. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner.  *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 320–21 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019).  As a result, the relief ordered below falls within the core of habeas.

Petitioner has also requested an award of attorney's fees.  (Petition at 27.)  The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment.  Accordingly, Petitioner's request for attorney's fees is **DENIED** without prejudice.

## V.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents shall immediately release Petitioner, within **24 hours** of the filing of this Order at the latest, under the same terms and conditions of his most recent Order of Supervision.  Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until (1) there is a material change in circumstances justifying his detention; and (2) Respondents have followed all applicable statutory and regulatory procedures.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: June 16, 2026 at 1:13 p.m.

_____
RITA F. LIN
United States District Judge

5